## Richmond.

### DAVIS v. DAVIS.

November 16, 1911.

1. CRIMINAL LAW—*Discharge from Prosecution—New Indictment—Different Acts of Embezzlement—Evidence.*—Although a prisoner may have been improperly held for trial more than four months on several indictments for embezzlement, if these have been dismissed, and a new indictment has been found against him charging many other acts of embezzlement during the period covered by the former indictments, he is not entitled to be discharged from prosecution under the new indictment if there be one or more counts therein which state offenses not embraced in the indictments which were dismissed, although provable by evidence admissible under those indictments.

2. CRIMINAL LAW—*Embezzlement—Dismissal of Indictment—New Indictment—Discharge from Prosecution—Election by Prosecutor.*—If an indictment charging many acts of embezzlement be found against a prisoner, for some of which he is entitled to be discharged from prosecution on account of failure to try him within the time prescribed by law upon former indictments for those acts, which indictments have been since dismissed, he is not entitled to be discharged from prosecution under the new indictment, but it will be proper for the trial court, when the prisoner is set to the bar for trial, to require the attorney for the Commonwealth, before going into trial, to state upon what counts he relies as setting forth offenses not embraced in the indictments which have been dismissed, to the end that the court, with the aid of counsel, may determine upon which counts the accused may now be properly tried, and thus eliminate much that would tend to confuse the material issues and greatly protract the trial.

Upon a writ of *habeas corpus,* and a petition to be discharged from prosecution.

*Petition denied.*

The petition is in the following words and figures:

Your petitioner, Charles Hall Davis, respectfully shows
unto this honorable court that he is unlawfully restrained
of his liberty by Arthur Kyle Davis, his bail, by reason of
a certain indictment for felony found against your peti-
tioner and Carter R. Bishop, jointly, at the June term of
the Hustings Court of the city of Petersburg, and known
as indictment No. 10 of said term (which indictment is
hereinafter more fully described), your petitioner having
been delivered to bail unto the said Arthur Kyle Davis, his
bail, who has now arrested and taken custody of your peti-
tioner, which restraint is unlawful, because for more than
four terms of said court, in fact, for six terms thereof, to-
wit: the February, March, April, May, June and July terms,
1911, of said court (all of which were terms of said court
regularly held at which your petitioner could have been
tried), your petitioner has been continuously held in said
court for trial, and is still so held, upon indictments found
against him in said court, charging the offense or offenses
alleged in the said indictment No. 10; no one of which indict-
ments has been tried, although your petitioner has repeat-
edly and earnestly insisted upon a trial. The failure to try
your petitioner upon the said indictments has not been
caused by his insanity, or by the witnesses for the Common-
wealth being enticed or kept away or prevented from attend-
ing by sickness or inevitable accident, or by continuance
granted on the motion of the accused (except after his right
to be forever discharged had accrued, and then only for the
purpose of applying for this writ as hereinafter shown),
or by reason of his escaping from jail or failing to appear
according to his recognizance, or by reason of the inability
of the jury to agree in their verdict, or because there was
no court held at any of said six regular terms of said court
after the January term, 1911, or because at any of the said

114

terms of said court it was injudicious, in the opinion of the court, to have jurors and witnesses summoned for that term, for some reason specially spread upon the records of the court; nor has there been any appeal in the said case during the said time, nor any proceedings for appeal; nor has the failure to try this defendant been caused by an injunction from a Federal court, obtained at the instance of your petitioner; nor by any act or motion, voluntary or involuntary, on the part of this petitioner; nor by any act or cause in *pari ratione* with those enumerated above, or with those enumerated in section 4047 of the Code. of Virginia.

To the end that the cause of his detention and restraint, and the reason why he is entitled to be discharged therefrom, may more fully appear, your petitioner sets forth the following facts:

1. In October, 1909, your petitioner finding himself and the firm of Davis & Davis (composed of himself and Richard B. Davis) largely indebted to the Appomattox Trust Company, a bank doing business in the city of Petersburg, had a settlement and adjustment with said bank of all matters connected with himself and his said firm, after all of the transactions of your petitioner and his said firm with said bank had been gone over fully and in detail with the officers, directors and attorney of said bank, which settlement and adjustment was declared by the said officers, directors and their attorney to be satisfactory. Although all the facts were then fully known and discussed, there was no suggestion or reason to suggest that your petitioner had been guilty of any criminal act in any of his transactions with said bank; in fact, any such idea was negatived by everything that occurred. This was *after* all of the transactions complained of in the various indictments took place.

2. In December, 1910, a conflagration occurred in Petersburg, which destroyed the law offices of Davis & Davis,

together with the greater part of the books and papers
and practically all of the returned checks, notes, etc., of
your petitioner and his said firm; and at the January term
of the Hustings Court of the city of Petersburg following,
criminal proceedings were instituted against your peti-
tioner. At said January term, to-wit: on February 15,
1911, the grand jury, after a most exhaustive examination
of the affairs of the Appomattox Trust Company, found six
indictments against your petitioner, charging him with
being accessory to Carter R. Bishop as principal in the com-
mission of *embezzlement* from the Appomattox Trust Com-
pany, the said several indictments charging the offenses to
have been committed on the dates and in the amounts fol-
lowing, to-wit:

| No. | Date. | Amount. |
|---|---|---|
| 1 | October 2, 1908 | $ 566.35 |
| 2 | October 5, 1908 | 20,685.00 |
| 3 | October 5, 1908 | 26,190.00 |
| 4 | July 21, 1909 | 84,184.67 |
| 5 | August 11, 1909 | 4,000.00 |
| 6 | August 12, 1909 | 140.51 |

Copies of the said six indictments are herewith filed,
marked, respectively, exhibits "A," "B," "C," "D," "E"
and "F," and prayed to be read as parts of this petition.

At the same time there were found against your peti-
tioner two indictments charging him with being accessory
to Carter R. Bishop as principal in omitting to make two
certain entries in the books of the said bank on the 2d day
of August, 1909.

Immediately upon the coming in of these indictments,
your petitioner appeared voluntarily in court and gave bond
for his appearance at the February term of the court, which
commenced on the following day; and from that day to this

your petitioner has been continuously in court ready and anxious to meet the charges so made against him.

3. At the February term, 1911, your petitioner appeared and renewed his bail, all of the cases against him being continued by the court of its own motion until the March term.

4. At the March term, 1911, of said court the Commonwealth's attorney again referred the whole matter to the grand jury, which first returned two indictments against your petitioner and Carter R. Bishop, charging the making of false entries in the books of the bank, but they were almost immediately *nolle prosequied;* and later the grand jury returned the following nine indictments, charging *larceny* from the said Appomattox Trust Company against your petitioner and said Bishop, each containing three counts, one charging your petitioner as principal and said Bishop as accessory, another charging said Bishop as principal and your petitioner as accessory, and the third charging your petitioner and said Bishop as joint principals, the numbers and the dates and amounts alleged being as set forth below:

| No. | Date. | Amount. |
|---|---|---|
| 4 | September 10, 1908 | $ 523.33 |
| 5 | September 16, 1908 | 516.88 |
| 6 | October 2, 1908 | 566.35 |
| 7 | October 3, 1908 | 200.00 |
| 8 | October 5, 1908 | 26,190.00 |
| 9 | October 5, 1908 | 20,685.00 |
| 10 | July 21, 1909 | 84,184.67 |
| 11 | August 11, 1909 | 4,000.00 |
| 12 | August 12, 1909 | 140.51 |

Copies of the said nine indictments are herewith filed, marked, respectively, exhibits "G," "H," "I," "J," "K,"

"L," "M," "N" and "O," and prayed to be read as parts of this petition.

At the same time there were found two indictments against your petitioner and said Bishop charging false entries and one charging an omission to make an entry, the said indictments being numbered 1, 2 and 3, respectively.

*Upon the coming of these indictments, all of the indictments found at the January term of the court against your petitioner as above set forth were nolle prosequied.*

Your petitioner was in court ready for trial on the pending indictments, but all of the cases were continued by the court until the next term.

5. At the April term of the court your petitioner again appeared and asked that the cases against him be tried, but the attorney for the Commonwealth stated that it was his purpose to try first one of the indictments as to Mr. Bishop, who had announced his desire for a separate trial. Accordingly, Mr. Bishop was tried on one of the false entry indictments at said term of the court, but during the trial the court held that the evidence of the Commonwealth did not prove that any offense had been committed and a verdict of "not guilty" was promptly returned by the jury. At this same April term your petitioner made separate motions in writing to require the Commonwealth's attorney to file bills of particulars as to each of the said larceny indictments, Nos. 4 to 12, inclusive, above referred to as having been found at the March term, 1911. A copy of the said motion as to indictment No. 10 of said March term, 1911, charging the larceny of $84,184.67, is herewith filed, marked "Exhibit P," and prayed to be read as a part of this petition. The others were similar *mutatis mutandis.*

Special attention is called to the third paragraph of said request, which is as follows:

"If it is intended to charge that said amount was withdrawn from said Appomattox Trust Company by means of

checks or drafts, how many checks and drafts were presented and paid, and upon what dates, and what was the amount of each?"

The attorney for the Commonwealth contested said motion and refused to file such bills of particulars unless required by the court. The court took the matter under advisement, and later stated to one of counsel for petitioner that he had decided to require the Commonwealth's attorney to file bills of particulars giving some of the information requested in your petitioner's motion, but that he had been advised that it was the purpose of the Commonwealth's attorney to dismiss all of the pending indictments and submit the whole matter to a third grand jury. The court did not, therefore, rule on said motion. At said April term of the court all of the cases against your petitioners were continued until the next term of the court, which would convene on May 18, 1911, although your petitioner was ready and anxious at all times during said April term for a trial.

6. At the May term, 1911, of said court your petitioner again appeared and insisted most vigorously upon the Commonwealth's being compelled to go to trial upon the pending indictments, and upon its furnishing the bills of particulars theretofore requested. The attorney for the Commonwealth again refused to file the bills of particulars, saying, in effect, that if he were compelled to do so he would make the same so broad as to enable him to prove anything that could be proved under said indictments, and refused to go to trial upon any of said indictments, although it was not even claimed that his witnesses were not available or that there was any legal reason for a continuance. The only reason given was that he intended to send the whole matter again to the grand jury and find one indictment containing a large number of counts. So insistent was your petitioner upon a trial that his counsel set forth in writing a history of the proceedings to that date, and of your petitioner's

efforts to secure a trial of the charges against him, and presented it to the court in the form of a petition. A copy of the said petition is herewith filed, marked "Exhibit Q," and prayed to be read as a part hereof. The court, however, refused to require the attorney for the Commonwealth to go to trial on the pending indictments, but permitted him to send the whole matter to this *third* grand jury. After a few hours' consideration, however, it was discovered that one of the grand jurors was perhaps ineligible and the grand jury was discharged from further service. Thereupon, all of the cases against your petitioner were again continued by the court until the next (or June) term of the court, although he was ready and pressing for a trial.

7. At the June term of the court, which commenced on the 15th day of June, 1911, your petitioner again appeared and announced that he was ready for trial, but the attorney for the Commonwealth repeated that it was his purpose to again refer the whole matter to the grand jury, and this was done, making the *fourth* grand jury to take the same under consideration, without any indictment found by the preceding grand juries having been tried.

The said grand jury during the said June term of the court returned eleven joint indictments against your petitioner and said Carter R. Bishop, Nos. 1 and 2 of which charged the making of entries in the books of the bank with the intent to conceal the true state of an account therein, and No. 8 of which charged an omission to make an entry in said books. Six of said indictments charged *larceny* from the Appomattox Trust Company, the numbers, dates and the amounts involved being as set forth below:

| No. | Date. | Amount. |
|---|---|---|
| 3 | May 3, 1909 | $110.00 |
| 4 | May 8, 1909 | 357.49 |

5 . . . . . .July 2, 1909 . . . . . . . . . . . . . . . .$181.08
6 . . . . . .June 29, 1909 . . . . . . . . . . . . . . 155.28
7 . . . . . .April 26, 1909 . . . . . . . . . . . .,. . . . 250.00
9 . . . . . .April 26, 1909 . . . . . . . .'. . . . . . 100.00

Copies of the said six indictments are herewith filed, marked, respectively, exhibits "R," "S," "T," "U," "V" and "W," and prayed to be read as parts of this petition.

*Indictment No. 10 of said term is the one upon which the present proceedings are founded.* It contained 525 counts, and appears to have been constructed in the following manner: Thirty-five different amounts, with a date as to each, were taken, and then fifteen different counts were drawn as to each amount and date, charging an offense under section 3716 of the Code, each count being a joint charge against your petitioner and said Carter R. Bishop; so that this remarkable document (unequaled, no doubt, as to its length and its complicated ramifications in all the annals of jurisprudence), while employing only thirty-five different amounts and dates, contained 1,050 different allegations. So uncertain was the attorney for the Commonwealth as to what offense, if any, had been committed, that he made thirty different allegations as to each of said thirty-five amounts and dates. And so vague and general are the charges, as made, that your petitioner now has no knowledge whatever as to the nature of the transaction intended to be referred to in many of said counts, the books and papers now in his possession showing nothing whatever in reference thereto, and the counts themselves being so drawn as to give your petitioner no information.

Subsequently, at the September term of the court, fifteen counts covering one of said amounts and dates were *nolle prosequied;* later, at the same term, ten counts as to each of the remaining thirty-four amounts and dates were *nolle prosequied,* after your petitioner's counsel had stated their

objections to the indictment; making a total of 355 counts
*nolle prosequied,* but leaving 170 counts, or five counts as to
each of said thirty-four amounts and dates.

These five counts all purport to charge embezzlement,
the said counts appearing in the indictment as to each
amount and date as follows: (a) charging your petitioner
as principal and said Bishop as principal in the second
degree; (b) charging your petitioner as principal and said
Bishop as accessory before the fact; (c) charging said
Bishop as principal and your petitioner as principal in the
second degree; (d) charging said Bishop as principal and
your petitioner as accessory before the fact; (e) charging
your petitioner and said Bishop as joint principals.

The following table shows the counts now remaining in
said indictment No. 10, giving the respective amounts and
dates alleged, and the number of each count under letter
headings (a, b, c, d, e), which indicate as above the form
of the charge in each count:

*Table of Counts.*

| Amount | 1909 | | a | b | c | d | e |
|--------|------|---|---|---|---|---|---|
| $  238.50 | Mar. | 1 | 1 | 2 | 71 | 72 | 421 |
| 200.00 | | 13 | 3 | 4 | 73 | 74 | 424 |
| 188.32 | | 23 | 5 | 6 | 75 | 76 | 427 |
| 359.20 | Apl. | 6 | 7 | 8 | 77 | 78 | 430 |
| 200.00 | | 15 | 9 | 10 | 79 | 80 | 433 |
| 316.71 | May | 5 | 11 | 12 | 81 | 82 | 436 |
| 100.00 | | 17 | 13 | 14 | 83 | 84 | 439 |
| 107.50 | | 9 | 15 | 16 | 85 | 86 | 442 |
| 100.00 | June | 14 | 17 | 18 | 87 | 88 | 445 |
| 100.00 | | 21 | 19 | 20 | 89 | 90 | 448 |
| 344.89 | | 28 | 21 | 22 | 91 | 92 | 451 |
| 271.66 | | 30 | 23 | 24 | 93 | 94 | 454 |
| 156.08 | July | 7 | 25 | 26 | 95 | 96 | 457 |

Statement.

| $ | | | | | | | |
|---|---|---|---|---|---|---|---|
| 250.00 | July | 9 | 27 | 28 | 97 | 98 | 460 |
| 100.00 | | 12 | 29 | 30 | 99 | 100 | 463 |
| 50,000.00 | | 27 | 31 | 32 | 101 | 102 | 466 |
| 250.00 | Aug. | 4 | 33 | 34 | 103 | 104 | 469 |
| 123.82 | | 12 | 37 | 38 | 107 | 108 | 475 |
| 50.00 | | 13 | 39 | 40 | 109 | 110 | 478 |
| 300.00 | Mar. | 8 | 41 | 42 | 111 | 112 | 481 |
| 277.16 | | 27 | 43 | 44 | 113 | 114 | 484 |
| 200.00 | Apr. | 19 | 45 | 46 | 115 | 116 | 487 |
| 796.52 | | 30 | 47 | 48 | 117 | 118 | 490 |
| 181.50 | May | 11 | 49 | 50 | 119 | 120 | 493 |
| 221.76 | | 25 | 51 | 52 | 121 | 122 | 496 |
| 1,060.00 | June | 2 | 53 | 54 | 123 | 124 | 499 |
| 300.00 | | 8 | 55 | 56 | 125 | 126 | 502 |
| 150.00 | | 17 | 57 | 58 | 127 | 128 | 505 |
| 300.00 | July | 2 | 59 | 60 | 129 | 130 | 508 |
| 105.00 | | 17 | 61 | 62 | 131 | 132 | 311 |
| 510.00 | Aug. | 4 | 63 | 64 | 133 | 134 | 514 |
| 353.22 | | 10 | 65 | 66 | 135 | 136 | 517 |
| 300.00 | | 13 | 67 | 68 | 137 | 138 | 520 |
| 60.00 | | 17 | 69 | 70 | 139 | 140 | 523 |

Copies of counts numbers 1, 2, 71, 72 and 421 are herewith filed, marked, respectively, "X-a," "X-b," "X-c," "X-d" and "X-e," and prayed to be read as parts of this petition. The remaining counts under each letter are similar to the said five counts, respectively, except as to dates and amounts alleged.

Indictment No. 11 of the said June term charged your petitioner with being accessory to the making of a false report to the State Corporation Commission.

8. Immediately upon the coming in of the above referred to eleven indictments at the said June term, 1911, the Commonwealth's attorney asked leave to *nolle prosequi all* of the indictments against your petitioner which had been

found at the March term of the court. Your petitioner objected, however, to the *nolle prosequiing* of said indictments, insisting that the same ought to be disposed of in some final form, or else there would be no end to the finding of indictments and dismissing them when your petitioner would insist upon a trial; and your petitioner thereupon filed formal motions for the dismissal of six of said indictments for failure to prosecute under section 4047 of the Code, which motions were sustained and indictments Nos. 6, 8, 9, 10, 11 and 12 of the said March term were accordingly dismissed for said cause, your petitioner having been held for trial for the offenses therein alleged since the January term of the court. The attorney for the Commonwealth was then allowed by the court to *nolle prosequi* indictments Nos. 1, 2, 3, 4, 5 and 7 of said term. This left pending only the indictments which were found at the said June term of the court, all of which were continued until the July term of the court, your petitioner expressly refusing to ask for or consent to a continuance; in fact, he vigorously insisted upon an immediate trial of some of the indictments against him.

9. At the July term of the court your petitioner indicated his purpose to file a plea of former discharge to said indictment No. 10, but he was not arraigned and such plea was not formally filed, although the matter was presented to the court in an informal way and discussed at some length, but no decision was reached. The said indictment was then continued to the September term of the court (there being no August term), your petitioner again refusing to ask for or consent to a continuance. Your petitioner then insisted upon the trial of the indictment charging him with having been accessory to the making of a false report to the State Corporation Commission, but the Commonwealth's attorney objected, and this indictment and all of the other then pend-

ing indictments were continued until the September term of the court.

10. At the September term of the court your petitioner appeared and filed two pleas of former discharge. The attorney for the Commonwealth moved to reject said pleas, but his motion was overruled, and he thereupon filed replication to the same. Later, the court expressed the view that these pleas ought not to have been filed until after the demurrer and motion to quash had been considered. Thereupon, the attorney for the Commonwealth withdrew his replications and your petitioner withdrew his pleas. Your petitioner then moved to quash the said indictment and each count thereof, and demurred to the same and each count thereof, which motion to quash and demurrer were overruled after the attorney for the Commonwealth had *nolle prosequied* 355 counts, as above stated. Your petitioner also moved that he be discharged from further prosecution under said indictment No. 10 because of a failure to prosecute under section 4047 of the Code, but this motion the court overruled. At a later day of the term, however, in order to enable your petitioner to withdraw his said motion for discharge from further prosecution, the court reconsidered its decision in this regard and permitted your petitioner to withdraw his said motion, which was accordingly done.

11. After the court had overruled your petitioner's motion for discharge from prosecution under said indictment No. 10, your petitioner, by counsel, moved the court to continue the said indictment No. 10 until the November term of the court, in order to allow your petitioner to apply to the Supreme Court of Appeals for a writ of *habeas corpus,* and the said case was accordingly continued, this being the first continuance of any kind asked for by your petitioner, and the same was requested, as appears by the record, for the express purpose of making this application. Your peti-

tioner had previously, during said September term, moved the said court to discharge him from further prosecution under pending indictments Nos. 1, 2 and 8, because of a failure to prosecute under section 4047 of the Code, and the Commonwealth's attorney consenting thereto, the court sustained said motion and dismissed said three indictments. This left pending, in addition to said indictment No. 10, indictments Nos. 3, 4, 5, 6, 7, 9 and 11 of the June term, the first six of which charged larceny, as shown in paragraph 7 above, and the last charged your petitioner with being accessory to the making of a false report to the State Corporation Commission, as also shown in said paragraph 7 above.

12. The court having continued the trial of indictment No. 10, as above shown, your petitioner moved the court to proceed at once, or at any time the court might name, to try the remaining pending indictments, and the court having indicated its purpose to proceed with the trial of the larceny indictments, the Commonwealth's attorney arose and over the most urgent protest of your petitioner's counsel entered with the leave of the court a *nolle prosequi* as to indictments Nos. 3, 4, 5, 6, 7 and 9 of the June term, being all of the larceny indictments then pending. Your petitioner then urged the court to proceed with the trial of indictment No. 11, charging your petitioner with being accessory to the making of a false report to the State Corporation Commission as aforesaid, but the Commonwealth's attorney said that he was not willing to try the said indictment at that time and that he preferred to first try indictment No. 10 for reasons which he refused to give. The court then asked your petitioner to consent to a continuance of this indictment No. 11 until the November term of the court, but your petitioner, by counsel, refused to give such consent, insisting that your petitioner had been for many months under indictment and that he did not want a con-

tinuance, but was anxious to have some case tried. The court thereupon said that it would not continue the said indictment No. 10 to the November term, so as to permit your petitioner to make this application for a writ of *habeas corpus,* unless your petitioner would also move for a con-continuance of said indictment No. 11 to the same time. Thereupon your petitioner's counsel reluctantly, and stating that they were doing so under protest, moved also for a continuance of said indictment No. 11 to the November term, and the same was accordingly continued.

13. It will be observed from the foregoing that there have been found against your petitioner in all thirty-three indictments, and that although your petitioner has been not only ready and anxious for, but insisting upon, a trial, no one of the said indictments has been tried, but, on the contrary, nine of them have been dismissed by the court for failure to prosecute, and twenty-two have been *nolle prosequied* by the attorney for the Commonwealth when your petitioner became too urgent in his insistence upon a trial, the six indictments last *nolle prosequied* having been dismissed for no purpose other than to prevent your petitioner from being tried upon the same. A consecutive list of the said indictments, showing the disposition of the same, is herewith filed, marked "Exhibit Y," and prayed to be read as a part of this petition.

14. Your petitioner would not now be asking to be relieved from trial under said indictment No. 10 but for the fact that he does not believe it is possible to present to the jury in an intelligible manner the issues that might arise under an indictment so broad and sweeping in its charges, and under which evidence would be admissible of any and every transaction your petitioner may have had with said Appomattox Trust Company from its very organization down to the date of said indictment, for in an indictment of this kind neither the amount nor the date alleged is material,

and an entirely different amount and date from that alleged might be proved under any count; in fact, so impressed have been your petitioner's counsel with the fact that he could not obtain a fair trial under said indictment, upon the motion to quash said indictment they themselves made and filed an affidavit to that effect, a copy of which is herewith filed as a part of this petition, marked "Exhibit Z."

15. The said several grand juries were investigating your petitioner's whole connection with said Appomattox Trust Company, and it is apparent that all of the grand juries were dealing generally with all of his transactions with said bank. In consequence of these general indictments your petitioner has been continuously held for trial since the January term, 1911; and an inspection of the embezzlement indictments of the January term, 1911, which were *nolle prosequied* at the March term, and of the larceny indictments of the March term, some of which were dismissed for failure to prosecute and others *nolle prosequied* at the June term, and of the said indictment No. 10 of the June term, will show that at no time since said January term, 1911, has there been a single moment at which your petitioner has not been "held for trial" in said court upon an indictment under which, whatever objection he might have raised, he could have been tried for any offense alleged in said indictment No. 10. Surely, when an indictment is pending upon which at any time the Commonwealth has the right to call the defendant to the bar and try him for a particular offense, it cannot be contended that he is not held for trial for such offense. It was admitted at the bar of the court by the attorney for the Commonwealth that your petitioner could have been tried under the larceny indictments of the March term for any offense allowed in the said indictment No. 10. A certified transcript of the record as it appears on the order book of court, so far as the same affects Charles Hall Davis in connection with the indict-

ments mentioned in this petition, is herewith filed, marked "Exhibit Record," and prayed to be read as a part of this petition.

Your petitioner, therefore, respectfully submits that there have been four terms and more of the Hustings Court of the city of Petersburg, during which your petitioner has been held for trial, without a trial, for any and every offense alleged in said indictment; that the failure to try him has in no case been due to any of the acts or causes specified in said section 4047 of the Code of Virginia, or in *peri ratione* therewith; and that he is now entitled to be forever discharged from prosecution thereunder.

Therefore, your petitioner prays that a writ of *habeas corpus ad subjiciendum* may issue from this honorable court directed to the said Arthur Kyle Davis, your petitioner's bail, of the city of Petersburg, Virginia, commanding him to have the body of this petitioner before this honorable court, at a time and place to be therein specified, together with the cause of his detention; and that your petitioner may be restored to his liberty.

*George S. Bernard, John L. Lee, James Mann* and *Charles T. Lassiter,* for the petitioner.

*Samuel W. Williams, Attorney-General,* and *Richard H. Mann,* for the respondent.

BY THE COURT:

This day came again the parties in obedience to the writ of *habeas corpus* awarded herein, and the court having maturely considered the petition of the plaintiff, the return and answer of the said defendant to said writ, and arguments of counsel, is of opinion that while it may be true as claimed by the petitioner and conceded in argument by the attorney-

general and attorney for the Commonwealth for the city of Petersburg that all of the evidence which will be admissible upon a trial of the indictment found at the June term, 1911, of the Hustings Court of the city of Petersburg could have been introduced under some one of the indictments which were dismissed, that it may also be true that there are offenses charged in that indictment not embraced in the indictments which were dismissed, and the court is further of opinion that if there be one or more counts in the indictment of the June term aforesaid which state offenses not embraced in the dismissed indictments, though provable by evidence which would have been, as above indicated, admissible under those indictments which were dismissed, the prisoner cannot be discharged, but must be remanded for trial; and being further of opinion that it will be proper practice for the Hustings Court of the city of Petersburg, when the prisoner is set to the bar for trial, to require the attorney for the Commonwealth, before going into trial, to state upon what counts he relies as setting forth offenses not embraced in the indictments which have been heretofore dismissed, to the end that the court, with the aid of counsel, may determine upon which counts the accused may now properly be tried, and thus eliminate much that would tend to confuse the material issues and greatly protract the trial, it is, therefore, considered that the petitioner is not illegally detained in custody and his petition to be discharged is denied, and the prisoner is remanded to the custody of his surety on his bail bond to be tried on the charges pending against him in the Hustings Court of the city of Petersburg.

*Petition denied.*